OPINION
{¶ 1} Plaintiffs-appellants, Jacqueline and Robert Myers, appeal a decision of the Mahoning County Common Pleas Court denying their motion for summary judgment and granting a motion for summary judgment in favor of defendant-appellee, State Farm Mutual Automobile Insurance Company. The court found that they were not entitled to underinsured motorists ("UIM") coverage under policies issued by defendant-appellee, State Farm Mutual Automobile Insurance Company.
 {¶ 2} On April 13, 1999, Jacqueline Myers sustained personal injuries in a motor vehicle accident that occurred in Pennsylvania. The accident was caused by the negligence of Dana Bentfield ("Bentfield"), a Pennsylvania resident. Bentfield was insured by Erie Insurance Company, which tendered its $100,000 liability policy limit to Jacqueline Myers.
 {¶ 3} The Myers' were insured under five policies of insurance issued by appellee, all but one of which included uninsured/underinsured (UM/UIM) coverage. The four policies each provided UM/UIM coverage limits of $100,000 each person and $300,000 each accident. Having exhausted the limits of the tortfeasor's liability coverage, Jacqueline Myers made a claim in this declaratory judgment action against appellee seeking UIM coverage under the policies. Robert Myers attached a claim relating to loss of consortium.
 {¶ 4} On April 13, 1999 and continuing to the present, Jacqueline Myers was a resident of New Waterford, Ohio. Myers' policies with appellee were executed in Ohio and delivered to the Myers in Ohio. The Myers filed the instant complaint for declaratory judgment, requesting that Pennsylvania law applies. The parties filed cross-motions for summary judgment, the Myers arguing that Pennsylvania law applies and appellee arguing that Ohio law applies. The trial court granted appellee's motion for summary judgment and denied the Myers' motion for summary judgment on November 4, 2002. This appeal followed.
 {¶ 5} Pennsylvania law permits the stacking of insurance policies. The parties agree that if Ohio law applies, the set-off and anti-stacking provisions of R.C. 3937.18 preclude any coverage to the Myers under appellee's policies.
 {¶ 6} Appellant's sole assignment of error states:
 {¶ 7} "The trial court erred in granting Appellee's motion for Summary Judgment and overruling Appellant's motion for Summary Judgment."
 {¶ 8} A declaratory judgment action allows a court of record to declare the rights, status, and other legal relations of the parties. Civ.R. 57 and R.C. 2721.01 et seq. Such an action is an appropriate mechanism for establishing the obligations of an insurer in a controversy between it and its insured as to the fact or extent of liability under a policy. Lessak v. Metropolitan Cas. Ins. Co. of N.Y. (1958),168 Ohio St. 153, 155, 5 O.O.2d 442, 151 N.E.2d 730. When a declaratory judgment action is disposed of by summary judgment our review of the trial court's resolution of legal issues is de novo. King v. WesternReserve Group (1997), 125 Ohio App.3d 1, 5, 707 N.E.2d 947. Hence, summary judgment is proper when: "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346,617 N.E.2d 1129.
 {¶ 9} Appellants' argument hinges upon whether the insurance policies with appellee contain ambiguous language as to which state law governs the rights of the parties under the policies. Appellants rely upon the principle that when language in an insurance policy is susceptible of more than one meaning, the court must construe it liberally in favor of the insured and strictly against the insurer. Appellants argue that the court must construe the ambiguous language to favor them, the insureds, and find that the laws of the accident state, in this case Pennsylvania, should govern.
 {¶ 10} Appellants argue that several portions of the policies are ambiguous as to whether the laws of the accident state or the laws of the State of Ohio determine the rights of the parties. Appellants point to specific language on page 5 of the policies to support this argument:
 {¶ 11} "Where Coverage Applies
 {¶ 12} "The coverage you chose apply:
 {¶ 13} "1. in the United States of America, its territories and possessions or Canada; or
 {¶ 14} "2. while the insured vehicle is being shipped between their ports.
 {¶ 15} "The liability, medical payments, and physical damage coverages also apply in Mexico within 50 miles of the United States border. A physical damage coverage loss in Mexico is determined on the basis of cost at the nearest United States point."
 {¶ 16} Appellants also rely on page 9 of the policies to support the ambiguity argument:
 {¶ 17} "1. Out-of-State Coverage
 {¶ 18} "If an insured under the liability coverage is in another state or Canada and, as a non-resident, becomes subject to its motor vehicle compulsory insurance, financial responsibility or similar law:
 {¶ 19} "a. the policy will be interpreted to give the coverage required by law; and
 {¶ 20} "b. the coverage so given replaces any coverage in this policy to the extent required by the law for the insured's operation, maintenance or use of a car insured under this policy."
 {¶ 21} Appellants further argue that on pages 13 and 14 of the insurance policies there is ambiguous language indicating that appellee may afford UIM coverage for and pursuant to the laws of the accident site:
 {¶ 22} "We will pay damages for bodily injury an insured:
 {¶ 23} "1. is legally entitled to collect from the owner or driver of an uninsured motor vehicle; * * *
 {¶ 24} "* * *
 {¶ 25} "Deciding Fault and Amount
 {¶ 26} "Two questions must be decided by agreement betweeninsured and us:
 {¶ 27} "1. Does the owner or driver of the uninsured motorvehicle legally owe the insured damages; and
 {¶ 28} "2. If so, in what amount?"
 {¶ 29} Appellants contend that these excerpts of the policies create ambiguity. Appellants assert that by using the word "collect" rather than "recover", appellee created an ambiguity. Appellants claim that the Ohio Supreme Court construes the term "recover" to mean that one is entitled to UIM coverage if one can prove the elements of their claim. However, appellants argue that by employing the term "collect", appellee contracted to provide UIM coverage which would ensure payment. Appellants contend that this language choice, coupled with the other provisions previously mentioned, created an ambiguity as to whether the laws of the accident state determine the rights under the policies or whether the laws of the State of Ohio determine the rights under the policies.
 {¶ 30} To support this argument, appellants relies on Csulik v.Nationwide Mut. Ins. Co. (2000), 88 Ohio St.3d 17, 723 N.E.2d 90. InCsulik, several Ohio residents were injured in an automobile accident in Pennsylvania by a Pennsylvania tortfeasor. The court in that case determined that the laws of Pennsylvania rather than Ohio applied due to the ambiguous language chosen by Nationwide in the UIM clause. The phrase at issue in Csulik was:
 {¶ 31} "We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury suffered by you or a relative." (Emphasis sic.) Id. at 17-18.
 {¶ 32} The court held that Nationwide failed to specify in the policy what "due by law" meant, i.e., whether Nationwide must pay what is due by the law of the state where the accident occurred or due by Ohio law. Id. at 18. The court also found that Nationwide demonstrated in the same policy the ability to specifically set forth which state's law controlled certain policy provisions and that Nationwide could have clarified the "due by law" language. Id. at 19. The court held that despite Nationwide's argument that the payment of uninsured claims was a contractual matter subject to the law of the state where the contract was entered into, its own contract set forth a key jurisdictional element, i.e., time limits, as being subject to the law of the state of the accident. Id. at 20. The court also held that one could logically conclude that the law of the accident state also determined the plaintiff's rights under the policy. Id.
 {¶ 33} Appellants contend that the application of Csulik is appropriate to the present set of facts. Appellants assert that the "legally entitled to collect" language is ambiguous as to whether the amount the insured is entitled to collect is pursuant to the laws of the state where the accident occurred or the amount the insured is entitled to collect under the laws of Ohio. Appellants argue that the court should construe this allegedly ambiguous language most favorably to appellants and apply Pennsylvania law, which would entitle the parties to stack coverage and access additional insurance.
 {¶ 34} Appellee counters appellants by arguing that the disputed insurance policies are not ambiguous at all. Appellee alleges that the several citations of the insurance policies offered by appellants are incomplete. Appellee contends that the first quotation offered by appellants, "Where Coverage Applies", indicates only that appellants have the coverage purchased in all 50 states and Canada. It does not indicate any preferences as to what state law applies in determining UIM coverage.
 {¶ 35} Appellants' reference to "out-of-state coverage" fails to identify that this provision falls within "Section I — Liability — Coverage A" of the policy. Appellee asserts that this identifies liability coverage, not UIM coverage. Appellee also contends that appellants failed to cite the court to the complete language under "Section III — Uninsured Motor Vehicle — Coverage U", which appellants make reference to in the argument that "legally entitled to collect" is ambiguous. The complete language states:
 {¶ 36} "Uninsured motor vehicle — coverage U
 {¶ 37} "You have this coverage if `U' appears in the `Coverages' space on the declarations page.
 {¶ 38} "We will pay damages for bodily injury an insured:
 {¶ 39} "1. is legally entitled to collect from the owner or driver of an uninsured motor vehicle; or
 {¶ 40} "2. or would have been legally entitled to collect except for the fact that the owner or driver of the uninsured motor vehicle has an immunity under Chapter 2744 of the Ohio Revised Code or a diplomatic immunity."
 {¶ 41} Appellee argues that appellants have failed to identify for the court a citation in the policy which clearly refers to the application of Ohio law.
 {¶ 42} Appellee also claims that the language that appellants refer to regarding "Fault and Amount", indicates that appellee and their insured, when considering UIM claims, must agree on two points: (1) does the owner or driver of the uninsured car owe the insured damages, and (2) if so, in what amount. The language of the policy goes on to state that if there is no agreement, the parties may settle the difference through arbitration or through a lawsuit. Appellee argues that there is no issue before this court regarding what state law applies to those issues.
 {¶ 43} This case can easily be distinguished from Csulik. InCsulik, the court found that the insurance policy clearly stated controlling state law in some portions of the contract and was ambiguous as to other portions. The present insurance policy states no controlling state law at all in any portion of the policy. There is no ambiguity in the contract terms as to governing law even with the facts construed most favorably in appellants favor.
 {¶ 44} Because there is no ambiguity in the policy language,Csulik is not relevant. Rather, Ohayon v. Safeco Ins. Co. of Illinois
(2001), 91 Ohio St.3d 474, 747 N.E.2d 206, as pointed out by appellee, is controlling over this matter. In Ohayon, the Ohio Supreme Court noted that "Csulik did not displace this court's traditional choice-of-law principles." Ohayon at 484.
 {¶ 45} In Ohayon, the plaintiff's son, who was an Ohio resident, was injured by the negligence of a Pennsylvania tortfeasor in an automobile accident that occurred in Pennsylvania. The Pennsylvania tortfeasor's insurer paid to plaintiffs the $100,000.00 limit of their liability coverage. The court found that the plaintiffs' insurance contract was executed and delivered in Ohio, between Ohio residents, by an Ohio-licensed insurance agent, and the policy insured vehicles were principally garaged in Ohio. Like appellants, the Ohayon plaintiffs sought to apply Pennsylvania law, which would allow the plaintiffs to stack their UIM coverage on top of the liability coverage already received from the tortfeasor.
 {¶ 46} The Ohayon court classified the factual situation as a contract action. The court noted that it has long held that an insurance policy is a contract between the insurer and the insured. The court indicated that the rules in Sections 187 and 188 of the Restatement of Law 2d, Conflict of Laws (1971) should be applied to these factual situations. Id., paragraph two of the syllabus. Section 187 of the Restatement provides that the law of the state chosen by the parties to a contract will govern their contractual rights and duties. Section 188 of the Restatement enumerates factors courts are to use to consider in the absence of such a choice by the parties.
 {¶ 47} Section 188 provides that in the absence of an effective choice of law by the parties, their rights and duties under the contract are determined by the law of the state with respect to the issues before the court that has "the most significant relationship to the transaction and the parties". Restatement at 575, Section 188(1). The courts are to consider: (1) the place of contracting, (2) the place of negotiation, (3) the place of performance, (4) the location of the subject matter and domicile, residence, nationality, place of incorporation and place of business of the parties.
 {¶ 48} The Ohayon court held that the insurance contract was executed and delivered in Ohio by Ohio residents and an Ohio-licensed insurance agent. The policy insured vehicles were principally garaged in Ohio. Therefore, Ohio law should apply to determine the parties' rights and duties under that contract.
 {¶ 49} This court has applied this approach in numerous UIM cases. See, e.g., Nationwide Ins. Co. v. Phelps, 7th Dist. No. 2002 CO 27, 2003-Ohio-497; Estate of Ralston v. Metro. Prop. Cas. Ins. Co.
(2001), 146 Ohio App.3d 630, 767 N.E.2d 789; Jordan v. State Farm Mut.Auto. Ins. Co. 141 Ohio App.3d 670, 753 N.E.2d 209.
 {¶ 50} In applying Ohayon and the rules of Section 188 of the Restatement of Law 2d, set forth in Ohayon, to the instant factual situation it is clear that Ohio law should apply. The place of the contracting between appellee and appellants was in Ohio. The place of the negotiation between appellee and appellants was in Ohio. The contract was performed in Ohio. The insured vehicles were garaged in Ohio. Appellee's agent was from Ohio and he conducted the majority of his business in Ohio. Therefore there is no genuine issue of material fact and appellee's motion for summary judgment was correctly granted.
 {¶ 51} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 52} The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Vukovich and DeGenaro, JJ., concur.